## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JERRY PAUL FRANCIS (# 86386)**         **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                **NO. 15-0411-BAJ-EWD**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 5, 2018.

                                         _____
                                         **ERIN WILDER-DOOMES**
                                         **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JERRY PAUL FRANCIS (# 86386)**                                         **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                                **NO. 15-0411-BAJ-EWD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Louisiana Department of Corrections Secretary James LeBlanc and Louisiana Parole Board Chairperson Sheryl Ranatza, complaining that his parole board hearing conducted in 2014 was constitutionally defective because the parole board failed to give proper consideration to his juvenile status at the time of commission of his criminal convictions, to his attempts at rehabilitation while in confinement, and to the decisions of the United States Supreme Court in *Graham v. Florida*, 560 U.S. 48 (2010), and *Miller v Alabama*, 567 U.S. 460 (2012). Plaintiff prays for declaratory and injunctive relief, nullifying the parole board hearings conducted in 2014 and granting him a new parole board hearing consistent with the decisions in *Graham* and *Miller*.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983 if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing*

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).[1]

From a review of Plaintiff's allegations, it appears that he was criminally convicted in 1976 of one count of armed robbery in the Parish of St. Martin and one count of armed robbery in the Parish of Acadia and was subsequently sentenced to ninety-nine years in confinement on each count, with these sentences to be served consecutively and without the benefit of probation, parole or suspension of sentence. At the time of commission of these offenses, Plaintiff was a juvenile, being seventeen years of age.

Whereas Plaintiff's sentences were imposed without the benefit of parole, a subsequent amendment to La. R.S. 15:574.4 in 1987 was interpreted to allow offenders such as Plaintiff, who had been previously convicted of armed robbery under La. R.S. 15:574.4(A)(2), to be eligible for parole consideration upon reaching the age of 45 and upon serving at least twenty years of their

---

1   The record in this case reflects that Defendants have been served with process but have not appeared in this proceeding through the filing of an Answer or other responsive pleading.

sentences. As a result, Plaintiff was ultimately scheduled for parole consideration upon meeting these criteria, and he attended a parole board hearing (his second) in 2014. Plaintiff complains, however, that the 2014 hearing was constitutionally defective because the parole board (1) continued it to a second date to address a legal issue and thereby allowed witnesses to provide damaging testimony regarding original charges of homicide and attempted homicide that had been levied against Plaintiff at the time of the armed robbery charges, and (2) failed to give adequate consideration to the 2010 decision of the United States Supreme Court in *Graham v. Florida, supra*, which held that the Eighth Amendment prohibits the imposition of a criminal sentence of life imprisonment without the benefit of parole to a juvenile defendant convicted of a non-homicide offense.[2] Plaintiff argues that *Graham* provides that such juvenile offenders must be provided with a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation," i*d*. at 75, and he asserts that the failure of the parole board to give meaningful consideration to his juvenile status at the time of the offenses and to his subsequent rehabilitation deprived him of a "meaningful opportunity" for release on parole. Accordingly, he prays for a ruling "ordering the parole hearings conducted [in 2014] null & avoid [sic]" and directing "[t]hat Plaintiff be given a new parole hearing and a reasonable opportunity to have a fair hearing within the meaning of *Graham v. Florida* and *Miller v. Alabama*." *See* R. Doc. 1 at p. 20.

The Court concludes that Plaintiff's Complaint fails to state a claim cognizable under 42 U.S.C. § 1983. Initially, the Court notes that the *Graham* and *Miller* decisions essentially require that states afford to juvenile offenders facing life imprisonment a potential opportunity, through parole or by other means, for release from such imprisonment, taking into account their immaturity

---

[2] Plaintiff also makes reference to *Miller v. Florida, supra*, because that decision in 2012 extended the rule in *Graham* to prohibit the imposition of mandatory life-without-parole sentences to juveniles, even those convicted of homicide offenses. *See Miller v. Alabama, supra*.

at the time of commission of the offense[s] (and therefore their more limited culpability) and the possibility of their rehabilitation over the course of a lifetime. The *Graham* Court specifically recognized, however, that "while the Eighth Amendment prohibits a State from imposing a life without parole sentence on a juvenile nonhomicide offender, it does not *require* the State to release that offender during his natural life." *Id*. (emphasis added). Rather, *Graham* merely "prohibit[s] States from making the judgment at the outset that those offenders never will be fit to reenter society." *Id*. In this case, however, notwithstanding the foregoing, it appears clear that Plaintiff was in fact ultimately granted parole eligibility and parole consideration, and his situation, therefore, is not controlled by either *Graham* or *Miller*, which were addressed solely to the imposition of life-without-parole sentences.³ As such, his argument relative to the applicability of these decisions is inherently flawed.

In addition to the foregoing, and notwithstanding any potential merit to Plaintiff's assertions herein, the Court finds that Plaintiff's claim is not properly before the Court at this juncture in any event. Specifically, the law is clear that when a prisoner challenges a single parole board hearing as constitutionally defective and seeks either a new hearing or an immediate or earlier release from confinement, he must first pursue his claim in a federal habeas corpus proceeding after exhaustion of state court post-conviction remedies. *Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987). This is so even if the result of such a challenge would not entitle Plaintiff to earlier release but would only entitle him to a new hearing with proper procedural protections. *Id*. In the instant case, Plaintiff asserts that

---

3   The Court further notes that, in contrast to *Graham* and *Miller*, Plaintiff was not sentenced to life imprisonment in connection with either of the charged offenses in this case, although this distinction may be of indeterminate significance inasmuch as Plaintiff asserts that he was sentenced to consecutive ninety-nine year sentences as part of a concerted effort on the part of law enforcement officials to effectively ensure his life imprisonment. *See* R. Doc. 1 at pp. 10-11.

his 2014 hearing before the state parole board was constitutionally defective, and he prays for a nullification of the result of that hearing and the grant of a new parole board hearing. As such, he challenges the specific outcome of the parole board hearing and seeks an entirely new hearing. Pursuant to *Serio*, Plaintiff must first pursue this claim in a federal habeas corpus proceeding and, accordingly, the instant claim for declaratory and injunctive relief under 42 U.S.C. § 1983 is not properly before the Court and should be dismissed. *See Cook v. Collins*, 830 F. Supp. 348 (W.D. Tex. 1993) (dismissing a § 1983 Complaint that effectively sought habeas corpus relief in challenging a parole board decision). *See also Moore v. Booker*, 194 F.3d 1309 (5th Cir. 1999) (reiterating the rule set forth in *Serio v. Members of Louisiana State Board of Pardons, supra*).[4]

## RECOMMENDATION

It is recommended that Plaintiff's action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A, without prejudice to whatever right Plaintiff may have to re-assert timely and appropriate claims in a habeas corpus proceeding after the exhaustion of state court remedies.

Signed in Baton Rouge, Louisiana, on April 5, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

4  Whereas Plaintiff's Complaint could be interpreted by this Court to be an application for federal habeas corpus relief, this would seem to be an exercise in futility because it does not appear that Plaintiff has exhausted his state court remedies, which is a prerequisite for obtaining habeas corpus relief pursuant to 28 U.S.C. § 2254.